I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 1-24-08

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN 2 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BRIAND WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>GREGORY D. TOTTEN, et al.,<br><br>    Respondent. | Case No. CV 08-0381-AHM (MLG)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

Petitioner, who is a pretrial detainee awaiting trial on criminal charges in the Ventura County Superior Court, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 19, 2008. This is Williams's fourth pretrial petition for writ of habeas corpus filed with this Court in the past year,[1] in a continuing fruitless and frivolous attempt to have this federal court intervene in his state criminal proceedings. Because Petitioner is a pretrial detainee, the Court has construed the petition as one

---

[1] See Case Nos. CV 07-2828-AHM (MLG); CV 07-3745-AHM (MLG); CV 07-5010-AHM (MLG). These three cases were filed to forestall then-pending criminal charges in the Los Angeles County Superior Court. All were dismissed. Following his conviction in Los Angeles County, Petitioner was taken to Ventura County to face trial on outstanding charges there. He now continues his attempts to curtail state court proceedings.

filed pursuant to 28 U.S.C. § 2241. *Braden v. Judicial Circuit Court*, 410 U.S. 484, 503 (1973)(Rehnquist, J., dissenting); *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).[1] The petition before the Court alleges two grounds for relief. Petitioner seeks immediate emergency injunctive relief and a stay of state court proceedings. He has apparently exhausted his claims by presenting identical petitions to the California Court of Appeal and California Supreme Court, both of which were denied.

As grounds for relief, Petitioner claims that the trial court erred in denying his motion to dismiss and that he has been denied his right to a speedy trial. He also alleges unspecified claims for denial of equal protection and due process.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, *before the respondent files an answer*, "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998).

Dismissal under Rule 4 appears warranted in this case. In *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), the Supreme Court strictly limited a federal court's ability to intervene in an ongoing state criminal proceeding. A federal court must abstain from

---

[1] Section 2254 applies only to a prisoner challenging a judgment of conviction of a state court. Because Petitioner is still in pretrial proceedings and there is no judgment of conviction, section 2254 is not applicable. *Blanas*, 336 F.3d at 824 n.1

addressing an asserted violation of a federal constitutional right where (1) state judicial proceedings are still pending, (2) the state proceedings implicate important state interests, and (3) the state proceedings offer an adequate opportunity to put forward the federal question. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223-24 (9th Cir. 1994). All three elements must be present in order for abstention to be appropriate. *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1001 (9th Cir. 1995).

Although there is no exhaustion requirement under § 2241(c)(3), principles of comity and federalism require a federal court to abstain from deciding pre-conviction habeas corpus challenges unless a petitioner demonstrates that 1) he has exhausted available state judicial remedies, and 2) "special circumstances warrant federal intervention." *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980. Here, Petitioner has exhausted his state remedies. However, he has failed to demonstrate special circumstances warranting federal intervention.

Only when a person subject to criminal prosecution can show that he will suffer irreparable injury, which is both great and immediate, may intervention be warranted. *Younger*, 401 U.S. at 46. Irreparable injury has been found where a state is attempting to hold a second trial after a defendant has been tried on the same offense, *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992); and when a defendant has been denied his right to a speedy trial, *McNeely v. Blanas*, 336 F.3d 822, 832 (9th Cir. 2003)(Holding pretrial delay of over five years violates speedy trial rights). Special circumstances which also might warrant federal intervention before trial include

proven harassment and bad faith prosecutions. *Carden*, 626 F.2d at 84.

Petitioner has failed to demonstrate any special circumstances that would warrant federal intervention in this case. Petitioner claims that the state violated his Sixth Amendment right to a speedy trial, which, if sufficiently egregious, could justify this Court's intervention into the state court proceedings. However, Petitioner has not alleged that he has suffered any irreparable injury from the delay, particularly because the documents submitted with the petition show that Petitioner himself requested several pretrial continuances and because he has only been in custody in Ventura County since September 2007. The Ninth Circuit Court of Appeals has determined that a petitioner claiming a violation of the speedy trial right, like any other constitutional claim, must demonstrate special circumstances before the federal court may intervene with the state court proceedings. *Carden*, 626 F.2d at 84. Petitioner has shown no special circumstances or irreparable injury here.

Thus, there is no showing of an irreparable injury that is both great and immediate or which cannot be addressed by the state courts in an orderly fashion. Petitioner has failed to present any compelling reason to interfere with the ongoing state criminal proceeding. It is clear from the petition itself that Petitioner simply is unhappy with the trial court's pretrial and evidentiary rulings and believes that the federal courts should now intervene in his favor. It is also clear that Petitioner has been detained on these charges only since September 2007.

All three elements required for *Younger* abstention are present in this case. State judicial proceedings are on-going; the state proceedings involve the enforcement of state criminal laws, an

important state interest; and Petitioner will have an adequate opportunity to raise his constitutional claims in his criminal trial and on appeal in the California courts. Accordingly, the Court finds that abstention appears proper.

However, rather than recommend dismissal at this time, the Court will permit Petitioner to file a response to these findings. It is therefore ordered that Petitioner show cause, on or before February 12, 2008, why this petition should not be dismissed without prejudice for the reasons stated above. No extensions of time shall be granted as this petition is no different than the previous three which were dismissed on *Younger* grounds.

Dated: January 24, 2008

Marc L. Goldman
United States Magistrate Judge